**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 12 2000**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MICHAEL KEITH SHANNON;
ESTHER JEAN SHANNON, duly
appointed Next Friends of Michelle
Lyn Shannon, a minor,

      Plaintiffs-Appellants,

v.

PACIFIC RAIL SERVICES, L.L.C.,
a Delaware corporation,

      Defendant-Appellee,
  and

ARROW VOGEL,

      Defendant.

No. 00-3011
(D.C. No. CV-98-2451-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs, as next friends of the minor child of Jennifer Shannon, appeal from the district court's grant of summary judgment to defendant Pacific Rail Services, L.L.C. (Pacific Rail). See Shannon v. Pacific Rail Servs., 70 F. Supp. 2d 1243, 1251 (D. Kan. 1999). The district court's judgment in plaintiffs' favor against defendant Arrow Vogel is not before us. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

Jennifer Shannon was struck and killed by a hostler truck driven by defendant Arrow Vogel, an employee of Pacific Rail. A hostler is used to move freight trailers and containers around a railway freight yard. On the evening of her death, Ms. Shannon arrived at the rail yard where Mr. Vogel was working. Despite Pacific Rail's rules against visitors in the yard and on the hostlers, and despite the "No Riders" sign on the cab of the hostler, Ms. Shannon climbed into the hostler being operated by Mr. Vogel to ask him to lend her some money and drive her home. After she left the hostler, Mr. Vogel moved it forward, crushing her to death under a wheel. Plaintiffs filed this diversity action alleging that both Pacific Rail and Mr. Vogel were liable for Ms. Shannon's wrongful death. The

district court held that Pacific Rail was not liable under a theory of respondeat superior because at the time of Ms. Shannon's death, Mr. Vogel was acting outside the scope of his employment, and Ms. Shannon was a trespasser as to Pacific Rail, who therefore owed her a duty only to avoid willfully, wantonly, or recklessly injuring her.

On appeal, plaintiffs challenge the district court's conclusion that Mr. Vogel was not acting within the scope of his employment when Ms. Shannon was killed. They assert that Pacific Rail is liable because it did not enforce its policy against riders on its trucks, the actions of Mr. Vogel were foreseeable, Pacific Rail ratified Mr. Vogel's actions, and any deviation from Mr. Vogel's duties had ended at the time of the accident. In addition, plaintiffs claim that Ms. Shannon was not a trespasser because she was paying a social call on Mr. Vogel, and that Pacific Rail negligently failed to educate Mr. Vogel on the dangers of permitting non-employees to enter the premises and trucks.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Mere speculation

unsupported by evidence is insufficient to resist summary judgment.    See Beaird

v. Seagate Tech., Inc. , 145 F.3d 1159, 1170 (10th Cir. 1998);    cf. Wasson v.

Brewer's Food Mart, Inc.  , 640 P.2d 352, 357 (Kan. Ct. App. 1982) (setting aside

jury verdict founded on speculation and conjecture).

We have carefully reviewed the record on appeal, as well as the briefs

submitted by the parties.  We affirm the summary judgment in favor of Pacific

Rail for substantially the reasons stated in the district court's order dated

September 28, 1999, and entered on the docket on September 29, 1999.  On the

claim that Pacific Rail owed a duty to Ms. Shannon to educate Mr. Vogel about

the dangers to non-employees in the yard or on the hostlers, we conclude that

plaintiffs have not demonstrated that Pacific Rail owed Ms. Shannon such a duty

or that it failed in any such duty.

The judgment of the United States District Court for the District of Kansas

is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-4-